# CHARLESTON.

L. A. HOOPER, *Trustee, etc. et als. v.* WALTER S. WOOD *et al., Trustees et als.*

(No. 5383)

Submitted October 20, 1925.   Decided October 27, 1925.

1. EQUITY—*Court of Chancery Has Wide Discretion as to Referring Cause to Commissioner to Take Evidence and Find Fact; if Cause Has Been Developed by Pleadings and Proof Establishing Necessary Facts on Which Proper Decree May be Based, Motion for Reference Should be Refused.*

   A court of chancery has wide discretion in referring or refusing to refer a cause to a master commissioner for the purpose of taking evidence and making a finding of fact; and where the cause has been developed by pleadings and proof establishing necessary facts on which a proper decree may be based, a motion for a reference should be refused.   (p. 276.)

   (Equity, 21 C. J. §§ 753, 759.)

2. TRUSTS—*Decreeing That Trust Property Should be Held During Orderly Administration of Estate for Protection and Payment of Bequests and Annuities Held Not Error.*

   Where the uncontradicted evidence shows to a reasonable certainty that the income of property prudently invested by the testator and devised by him in trust for the payment of

valid bequests and annuities, is about sufficient to pay the same and is likely to decrease because of claims and charges against the decedent's estate, it is not error to decree that the trust property shall be held during the orderly administration of the estate for the protection and payment of such bequests and annuities.   (p. 277.)

(Trusts, 39 Cyc. p. 477.)

3. SAME—*Decree in Relation to Trust Property Held Not to Preclude Heir From Receiving Distributive Share of Estate; Decree Held Not to Prevent Present Sale of Heir's Interest by Trustee in Voluntary Bankruptcy.*

Such decree does not preclude an heir from receiving his distributive share of the estate, if and when it can be done without prejudicing the bequests; nor prevent the present sale of his interest in the estate by his trustee in voluntary bankruptcy.   (p. 277.)

(Trusts, 39 Cyc. p. 477.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by L. A. Hooper, trustee, etc., and others, against Walter S. Wood and others, trustees, and others.  From decree below, plaintiffs appeal.

*Affirmed.*

*Russell S. Ritz* and *James S. Kahle,* for appellants.
*Harold A. Ritz* and *Campbell & McClintic,* for appellees.

LIVELY, PRESIDENT:

This litigation is a continuation of the case of *Hooper, Trustee et al.* v. *Wood, Trustee et al.,* reported in 97 W. Va. p. 1.

The original bill was for the purpose of having the will of John R. Seal, deceased, declared invalid, and a distribution of his estate to his heirs as if he had died intestate.  This Court held the will to be valid in part and invalid in part, reinstated the bill which had been dismissed by the trial Court and remanded the cause.  The bequests to the wife of the dwelling house in Charleston, W. Va.; the annuity of

$2400.00 to her, the annuity to Mrs. Flournoy, as well as the bequests for the upkeep of the graves of the testator's parents and former wife in the City of Norfolk, Virginia, were upheld. All the estate was willed to the trustees Wood and McClintic in trust for the payment of these bequests and to distribute in accordance with the other provisions of the will. This Court said that the entire estate, or so much thereof as may be necessary, should be held by the trustees appointed by the will for the purpose of paying the valid bequests, and whether any portion of the corpus should be turned over to the heirs at law, or to the trustee in bankruptcy appointed in Gordon Seal's voluntary proceeding in bankruptcy, depended upon the result of further administration of the trust property.

Upon the cause being remanded, the plaintiffs tendered an amended bill and supplemental bill in which it was averred that in order to ascertain whether the income from the estate in the hands of the trustees was sufficient to pay the valid bequests it was necessary to determine the assets and property in their hands, and the income therefrom, and if any part of the corpus did produce income, the value thereof; that in order to ascertain the net assets and property the debts and charges against the estate, such as claims for federal taxes and assessments, compensation of the trustees, and costs of administration should be fixed. It was also averred therein that the testator's 1/5 interest in certain real estate in Fayette County was very valuable, was producing no income, and should be sold and the proceeds therefrom turned over to the trustee in bankruptcy for the payment of the debts of Gordon S. Seal. The prayer is that an issue be made on the amended bill and the cause referred to a commissioner in chancery to ascertain the assets and liabilities of the estate, the portion thereof from which no income is derived, the value thereof; and the amount which should be set aside to pay the bequests; the income now derived; and whether the property held by the trustees could be made to produce more income; and any other pertinent matter. The Court refused to permit the amended and supplemental bill to be filed. Plaintiffs then moved for reference to a Master Commissioner for the pur-

pose of reporting to the Court an account stating the material matters set out in the amended bill tendered and refused. The cause then was heard upon all the pleadings filed, the evidence theretofore taken and the mandate from this Court. The decree entered, and of which complaint is now made on this appeal, adjudicated that the trusts created by the will in favor of the wife, Mrs. Flournoy, and for the upkeep of the graves, were valid, and from the evidence, that in all probability the income from the entire property in the hands of the trustees will be necessary to pay said valid trusts, and that instead of the income increasing, it will on the contrary, be decreasing on account of the liabilities against the estate now in progress of litigation and the trustees were ordered to retain the possession and control of the entire assets, until further ordered, to be administered by them as the will directs.

Plaintiffs say that the decree is erroneous, because they are unable to determine what interest, if any, Gordon Seal has in the estate, that they should at this time have a settlement of the administration of the trustees under the will and the exact interest of Gordon Seal ascertained so that the trustee in bankruptcy may make sale of it. They contend that the estate should be administered under the direction of the Court speedily in order that Gordon's interest may be definitely ascertained in terms of money for the benefit of his creditors, and that a reference was necessary for that purpose. On the other hand defendants defend the decree on the ground that the amended and supplemental bill presented no new issue and that a reference was neither necessary nor proper; that from the evidence the net assets of the estate do not at this time, and will not in all probability produce sufficient income to pay the valid bequests and annuities under the will.

On the hearing before the first appeal the lower court took evidence of the then condition of the estate, the assets and liabilities, the doings of the trustees under the will, and refused to pass upon the validity or invalidity of the will in so far as it prevented devolution of the estate in violation of the rule against perpetuities, and dismissed the bill as presenting a moot case. On the former appeal this Court reversed in part the decree and held the will to be invalid in so far as it pre-

vented devolution of the estate to a remote period, and entered such decree as the lower court should have entered, thus giving to Gordon Seal right of inheritance as an heir, and not under the will, and directing that the trustees should hold the entire property, or so much thereof as might be necessary, for the purpose of paying the valid bequests and annuities heretofore mentioned. The bill was reinstated. How much of the trust property is sufficient to pay these bequests and annuities? All or a portion? This is the question which was in substance presented to the lower court by the amended and supplemental bill and the motion for reference to a Commissioner of the Court for the purpose of ascertaining. It appears that the facts necessary and pertinent to a solution of this question were already before the Court on the first submission. Reference to a commissioner is proper where it is necessary to settle accounts or make complex inquiries, to lighten the labors of the court where there is a mass of conflicting testimony, to ascertain the facts, and the like. *Dorr* v. *Dewing,* 36 W. Va. 466. Whether it should be done is a matter of wide discretion in the trial court. *Thompson* v. *Catlett,* 24 W. Va. 524; *Kraker* v. *Shields,* 20 Grat. 377. There is no charge in the rejected amended and supplemental bill that the trustees have not brought before the Court all the decedent's property, or that the estimated value thereof is less than its actual value, or that the income therefrom is less than reported, or that the testator's investments were unwise and should be changed, nor that the estate is being improperly administered to the prejudice of those beneficially interested. It is difficult to perceive what pertinent issue could be raised by this pleading. Nor can we say that the trial Court has abused its discretion in not ordering a reference. It had all the facts which are not complicated and not disputed.

The estate was appraised at $166,536.82, exclusive of the dwelling house and furniture in the City of Charleston, devised to the widow, Julia Seal. At the time of the former decree the Trustees (executors) had paid out on debts and expenses $83,716.27, leaving an appraised balance of $82,-820.55. These disbursements are unquestioned. The property

remaining consists partly of an undivided 1/5 interest of the testator in 806½ acres of undeveloped coal land in Fayette County appraised at $5,456, and is bringing in no income; Pottsville Furnace & Mining Company stock appraised at $100—of no market value, and bringing no return; Union Ice Company stock appraised at $750—of no market value, bringing no return (The trustees have been unable to get a purchaser) ; two notes of Gordon Seal (plaintiff) aggregating $11,000, appraised at $1,100 filed in the bankruptcy proceeding, and apparently of very little actual value. Deducting these items the income producing remainder is $75,388.55. Compensation to the Trustees has not been made. The estimate to them is $10,000. Claims against the estate including federal taxes ($39,987.62) ; liability of the testator on notes aggregating $7,700 are being vigorously contested.

The income from the estate left at the time of the former decree was $3,808.97. The bequests to the widow, to Mrs. Flournoy, and to keep up the graves amount to about $2,725. The taxes, insurance, repairs on the dwelling, premiums on the executors' bond all amount to about $830, leaving about $250 income remaining in the hands of the trustees per year.

The evidence shows that the undivided interest in the coal land could possibly be sold at $60 per acre which would bring in between nine and ten thousand dollars, but that it would be unwise to dispose of it now for the reason that the coal in nearby tracts of land will soon be exhausted, and this coal will then be worth more than double its present value. But if that sum were now realized from this source and prudently invested, the income derived therefrom, in view of the obligations pressing upon the estate, would dictate its retention until such a time when it could be safely released from contribution to the fund yearly going to discharge the bequests. Under these facts we can not say it was error to refuse to direct a sale of this non-productive interest in the land at this time.

Shall the entire estate be held by the trustees, to derive income from which to pay the valid bequests and costs of administration ? Or shall a portion thereof be set aside for that purpose; and the other portion placed at the disposal of the trustee of the bankrupt heir, Gordon S. Seal ? The condition

of the estate as reflected in the figures above given (the correctness of which is not disputed in the evidence) eloquently answers the questions stated and justifies the decree, which at this time, refuses to disturb the possession of the trust property in the hands of the executors and trustees. The Court has, by its action, said the administration of the estate should not be unduly expedited. The decree does not prevent Gordon Seal from receiving his distributive share of the estate when ascertained in the orderly progress of the cause; nor does it prevent his trustee in bankruptcy from making present sale of his interest in the estate, if he should be so advised and directed. Perceiving no abuse of discretion in the premises, the decree is

*Affirmed.*